IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| STEPHANIE LAFOLLETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: 3:13-cv-177-TCB |
| PROMETHEUS GROUP, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

PLAINTIFF STEPHANIE LAFOLLETTE ("Plaintiff") hereby files this Complaint against DEFENDANT PROMETHEUS GROUP, INC. ("Defendant") and for this cause of action states the following:

*Nature of the Claim*

1.  Plaintiff brings this action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, which have deprived Plaintiff of her lawful wages.

2.  This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

## *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.  Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

## *The Parties*

5. Plaintiff is a resident of Georgia and was employed by Defendant from October 2012 to August 2013 at Defendant's offices in Newnan, Georgia.

6. Defendant is organized under the laws of the State of Georgia, is authorized to do business in the State of Georgia, and maintains a corporate office at 51 Market Square Rd., Suite C, Newnan, Georgia 30265.  Defendant can be served via its registered agent, Amy Lawson-Leech, at 1050 Pinehurst Drive, Peachtree City, Georgia  30269.

### *Factual Allegations*

7. At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and was not exempt from the overtime provisions of the FLSA.

8. At all times relevant to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

9. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof. Defendant employed Plaintiff as a Process Associate and an Account Manager.

10. Plaintiff was a non-exempt employee within the meaning of the FLSA throughout her employment with Defendant and was subject to the overtime provisions of the FLSA.

11. During her employment, Plaintiff regularly worked hours in excess of 40 hours per week for which Defendant failed to properly compensate her. Plaintiff's supervisors were aware of the hours Plaintiff worked for which she was not properly compensated through, among other things, her finger swipes, her handwritten time records, and the instructions they gave to Plaintiff.

12. Defendant has willfully and intentionally failed and/or refused to properly compensate Plaintiff in accordance with the FLSA.

13. Plaintiff has retained The Weiner Law Firm LLC to represent her in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

14. Plaintiff consents to participate in this action. Plaintiff's consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

**(Overtime Compensation Due Under 29 U.S.C. § 207)**

15. Plaintiff re-alleges paragraphs 1 through 14 above and incorporates them here by reference.

16. By engaging in the conduct described above, Defendant failed to pay Plaintiff at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

17. Defendant's actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

18.	As a result of Defendant's violation of the FLSA, Plaintiff is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court award her:

i.	damages in the amount of her unpaid overtime wages, according to proof, and pursuant to the FLSA;

ii.	an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iii.	prejudgment interest;

iv.	costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

v.	reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vi.	such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: October16, 2013

> By: s/ Andrew L. Weiner
> Andrew L. Weiner
> Georgia Bar No. 808278
> THE WEINER LAW FIRM LLC
> 3525 Piedmont Road
> 7 Piedmont Center
> 3rd Floor
> Atlanta, GA  30305
> (404) 254-0842 (Tel.)
> (866) 800-1482 (fax)
> aw@atlantaemployeelawyer.com
>
> COUNSEL FOR PLAINTIFF